# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| STEVEN CRAKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. CIV 18-305-JHP-SPS |
| TRINTIY TANNER and McINTOSH COUNTY COURTS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a pro se state prisoner incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations arising from his conviction for Lewd or Indecent Acts as to a Child Under Sixteen in McIntosh County District Court Case No. CF-2016-333.[1] The defendants are Trinity Tanner and the McIntosh County Courts. He raises three grounds for relief:

(1) "Cruel and Unusual Punishment: Defendants falsely accused me in court."

(2) "Due Process: Court appointed attorney did not defend for [sic] my case in court."

(3) "False Imprisonment: I was not there and was threaten [sic] by the courts in McIntosh County."

(Dkt. 1 at 2, 5).

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims

---

[1] The Court takes judicial notice of the Oklahoma State Courts Network at www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

2

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Discussion**

Plaintiff has named Trinity Tanner and the McIntosh County Courts as defendants. Neither is a proper party in this lawsuit.

Plaintiff admits in his complaint that Trinity Tanner has no position or title, and she was not acting under the color of state law. (Dkt. 1 at 1). Ms. Tanner's status as an individual fails to meet the requirement of 42 U.S.C. § 1983:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). *See also Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' *acting under color of state law*") (emphasis added). Therefore, Defendant Tanner is not a proper defendant in this action.

Regarding Defendant McIntosh County Courts, this defendant also is not a proper party under Section 1983. "Under the arm-of-the-state doctrine, courts classify state governmental bodies according to a dichotomy, in which arms of the state enjoy Eleventh Amendment immunity, whereas political subdivisions such as counties and cities do not." *Mascheroni v. Bd. of Regents of Univ. of Cal.*, 28 F.3d 1554, 1559 (10th Cir.1994), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). "As a general matter, state courts are considered arms of the state." *Large v. Beckham Cnty.*

*Dist. Ct.*, 2014 WL 235477, at *3 (W.D. Okla. Jan. 22, 2014) (quoting 13 Charles A. Wright *et al.*, Federal Practice & Procedure § 3524.2, at 324-25 (3d ed. 2008)); *see, e.g.*, *Lewis v. Mikesic*, 195 F. App'x 709, 710 (10th Cir. 2006) (Kansas probate judge in his official capacity is not a "person[ ] against whom a claim for damages can be brought pursuant to § 1983"); *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) ("[T]his and other circuit courts have held that a state court is not a 'person' under § 1983."), *superseded by statute on other grounds*; *Heffington v. Dist. Ct. of Sedgwick Cnty.*, 2005 WL 1421530, at *5 (D. Kan. Jun. 17, 2005) (Sedgwick County, Kansas District Court is not a person under Section 1983).

Furthermore, to the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Here, there is no indication that Plaintiff's conviction has been invalidated.

For the reasons set forth above, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. Therefore, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is reminded that he is required to pay the full $350.00 filing fee in installments pursuant to the directives in the September 26, 2018, Order granting him leave to proceed *in forma pauperis* (Dkt. 5).

**ACCORDINGLY,** this action is DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 11th day of July 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma